UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | CONSENT PRELIMINARY ORDER |
| - v. - | : | OF FORFEITURE AS TO SPECIFIC PROPERTY/ |
| VICTOR MIGUEL HERNANDEZ RAMIREZ, | : | MONEY JUDGMENT |
| Defendant. | : | 21 Cr. 578 (VEC) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about September 20, 2021, VICTOR MIGUEL HERNANDEZ RAMIREZ (the "Defendant"), was charged in a two-count Indictment, 21 Cr. 578 (VEC) (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Counts One and Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Two of the Indictment; and any and all property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about July 18, 2022, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment, and agreed to forfeit to the United States (i) a sum of money in United States currency, representing any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly, and any

and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Count One of the Indictment; and (ii) all right, title and interest of the Defendant in the following specific property:

a)      a sum of cash in the amount of $19,380 in United States currency seized from the Defendant pursuant to a warrant on September 27, 2021

(the "Seized Currency");  and

b)      one iPhone 12 Pro F17G409A0D89;

c)      one iPhone Model A2341;

d)      one Alcatel Model 5029E;

e)      one black authenticator with identifiers GALT10923339 and B/N: I200806;

f)      one MacBook Pro Model A1398, Serial No. C02PTZGAG8WP;

g)      a sum of cryptocurrency seized from the Defendant on September 27, 2021, specifically 0.1224179 Bitcoin, which at the time of seizure was valued at approximately $5,279.89;

h)      a sum of cryptocurrency seized from Binance Account ID 75394206 on or about September 28, 2021 pursuant to a warrant, and specifically:

1.      17.892491 Monero

2.      0.34010634 Bitcoin

3.      1.99600452 Ethereum

4.      10, 965.462423 Tether

5.      74,088.263376 Tron

(b. through h. collectively, the "Specific Property").

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $19,380 in United States currency, representing proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property used to facilitate the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Seized Currency, which constitutes proceeds of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Seized Currency; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property and the Seized Currency to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Jarrod L. Schaeffer of counsel, and the Defendant, and his counsel, Antonio M. Apps, Esq., that:

1.     As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $19,380 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment, shall be entered against the Defendant.

2.     As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property and the Seized Currency is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, VICTOR MIGUEL HERNANDEZ RAMIREZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.     All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.     The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.     Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take

possession of the Specific Property and the Seized Currency and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property or the Seized Currency must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property or Seized Currency, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property or Seized Currency, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property or Seized Currency, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property and Seized Currency pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property and Seized Currency forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.     The signature page of this Consent Preliminary Order of Forfeiture as to Specific

Property/Money Judgment may be executed in one or more counterparts, each of which will be

deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          7/17/22
        JARROD L. SCHAEFFER                       DATE
        KAYLAN E. LASKY
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, NY 10007
        (212) 637-2270/ -2315


VICTOR MIGUEL HERNANDEZ RAMIREZ

By: _____          7/19/22
        VICTOR MIGUEL HERNANDEZ RAMIREZ    DATE

By: _____          7/18/22
        ANTONIA M. APPS, ESQ.                      DATE
        Attorney for Defendant
        55 Hudson Yards
        New York, New York 10001



SO ORDERED:

_____          7.18.22
HONORABLE VALERIE E. CAPRONI          DATE
UNITED STATES DISTRICT JUDGE